UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHARON L. WESSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-cv-516-WTL-MJD |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OVERRULING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING THE REPORT AND RECOMMENDATION, AND REVERSING AND REMANDING THIS CAUSE TO THE COMMISSIONER FOR FURTHER PROCEEDINGS**

The Magistrate Judge has filed his Report and Recommendation in which he recommends that this case be reversed and remanded to the Commissioner.  The Commissioner has filed a timely objection to the Report and Recommendation.  Having considered the objection and conducted the *de novo* review as required by Federal Rule of Civil Procedure 72(b)(3), the Court, for the reasons set forth below, hereby **OVERRULES** the Commissioner's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

In his objection, the Commissioner suggests that the Magistrate Judge's decision that remand was necessary was based on the fact that the Administrative Law Judge ("ALJ") failed to base his residual functional capacity determination on the opinion of Dr. Sycamore even though he said that he gave "great weight" to Dr. Sycamore's opinion.  That reading of the Magistrate Judge's decision is not entirely accurate.  In fact, the Magistrate Judge recommended that this case be remanded because the ALJ failed to explain why he disregarded Dr. Sycamore's opinion with regard to Wessel's residual functional capacity–specifically his opinion that "she could sit, stand and walk for probably 10 to 15 minutes at a time and for approximately two to four hours in a work day with normal breaks"– especially in light of the fact that he expressly stated that he

gave Dr. Sycamore's opinion great weight.  As the Commissioner notes, the ALJ's determination that Wessel retained the residual functional capacity to perform a range of light work does find some support in the record, albeit from non-examining state agency doctors; however, the ALJ's opinion is wholly lacking any explanation for his decision to credit their opinions over that of Dr. Sycamore, which paints a far more limited picture of Wessel's residual functional capacity.  The Magistrate Judge correctly determined that this failure requires remand.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** the Commissioner's objections to the Magistrate Judge's Report and Recommendation and hereby **ADOPTS** the Report and Recommendation in its entirety.  This case is therefore **REVERSED AND REMANDED** to the Commissioner for further proceedings consistent with the Report and Recommendation.

SO ORDERED:  09/21/2011

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification